MERRIMAN S. SMITH, JUDGE.
Claimants operated a general contracting business, also sold lumber and mill supplies at retail, in Ripley, Jackson county, West Virginia. During the year 1943 and especially the year of 1944 the partnership ceased contract operations and rented most of its equipment to other companies and individuals.
Under the terms of the lease agreements the lesseés paid the cost of transportation of the leased equipment from claimants’ storage yard and returned the equipment to such point at the expiration of the agreement, and had undisputed control over all equipment during the term of the lease.
During the years 1943 to 1946 inclusive the claimants paid business arid occupation taxes as a partnership, under chapter 11, article 13, section 960 (2i), Michie’s code. The overpayments are as follows for the years ending:
December 31, 1943 $135.54
December 31, 1944 772.18
December 31, 1945 346.22
December 31, 1946 297.06
Amended forms 301-A for the years ending December 31, 1945, and December 31, 1946, were filed with the state tax commissioner as of May 16, 1947, and refund payments were properly received. Amended forms 301-A, for the *169 years ending December 31, 1943, and December 31, 1944, were filed with the state tax commissioner as of July 11, 1947, and refund was requested for the overpayments for the years 1943 and 1944 in the total amount of $907.72. The tax commissioner was unable to refund the taxes overpaid for the years 1943 and 1944 since the general statute prohibits the tax department from making refund for any period prior to two years from date of application for refund. Since the departments of the state operate on a two-year basis because the Legislature only appropriates funds for each biennium the general statute limits the tax commissioner to two years prior to the date of application for tax refunds.
The statute creating the business and occupation tax does not contain any specific limitation on refund of tax payments. Howevqr, the Legislature in creating the court of claims enacted a five-year statute of limitations on all claims for which it has prima facie jurisdiction. Code 14-2-16. Since the instant claim is one in which the court of claims has prima facia jurisdiction it is a claim in which in equity and good conscience the claimants should be reimbursed for monies paid to the state tax commissioner through a mistake of fact and of law, because under code 11-13-2Í money received for lease of personal or real property by an individual or a partnership is exempted from such tax and it was not until January 1947 that the claimants were informed by an auditor of the state tax commissioner’s office that the tax which they had been paying was exempt. Whereupon the claimants duly filed for a tax refund and such refund for the years 1945 and 1946 was made by the state tax commissioner as provided by the statute. On the other hand if it was a case wherein the claimants had failed to pay the proper amount due as provided by statute they would have had to make payment for an unlimited period since there is no statute of limitation against the state for collection of the business and occupation tax.
*170 This is a claim for money paid into the state coffers through mistake and in equity and good conscience it should be returned to the rightful owners since it is no burden on the taxpayers of the state and does not deplete the legally held resources of the state tax department and the period covered for the refund is within the five-year statute of limitation applicable to the court of claims. It is a meritorious claim, since it would be judicially recognized as legal or equitable in cases between private individuals.
It is the opinion of the majority of this court, as now constituted, and so held in the cases of Raleigh County Bank v. State Tax Commissioner, Eastern Coal Sales Company v. State Tax Commissioner and I. S. Davis, d/b/a Fairmont Linen Supply Company v. State Tax Commissioner, that this is a claim which should be paid.
Therefore, an award in the sum of nine hundred seven dollars and seventy-two cents ($907.72) is hereby recommended to be paid to the claimants W. L. Pinnell, Sr., and W. M. Pfost, d/b/a Pinnell & Pfost.
ROBERT L. BLAND, JUDGE.
Claimants sole remedy to obtain a refund of taxes paid, for which an award is made in this case by a majority of the court, is provided by chapter 11, article 1, section 2a of the code of West Virginia, which reads as follows:
“Refund of Taxes Erroneously Collected. — On and after the effective date of this section, any taxpayer claiming to be aggrieved through being required to pay any tax into the treasury of this state, may, within two years from the date of such payment, and not after,, file with the official or department through which the tax was paid, a petition in writing to have refunded to him any such tax, or any part thereof, the payment whereof is claimed by him to have been required un *171 lawfully; and if, on such petition, and the proofs filed in support thereof, the official collecting the same shall be of the opinion that the payment of the tax collected, or any part thereof was improperly required, he shall refund the same to the taxpayer by the issuance of his or its requisition on the treasurer; and the auditor shall issue his warrant on the treasurer therefor, payable to the taxpayer' entitled to the refund, and the treasurer shall pay such warrant out of the fund into which the amount so refunded was originally paid: Provided, however, That no refund shall be made, at any time, on any claim involving the assessed valuation or appraisement of property which was fixed at the time the tax was originally paid.”
The remedy thus furnished by general law is exclusive. The intendment of the Legislature is clearly manifest. The statute establishes a policy to be followed in all cases. No other construction can reasonably be given to its meaning.
“The provisions of Code 11-14-19, as amended by Chapter 124, Acts of the Legislature, 1939, relating to a refund of the excise tax on gasoline, create the exclusive remedy which may be used to obtain such refund. Any refund provided for therein must be based on an application for the return of a tax theretofore paid.” State v. Penn Oak Oil & Gas, Inc., 128 W. Va. 212; 36 S. E. (2nd) 595.
“An award will not be made to a person failing to file application for refund of taxes paid on gasoline within sixty days after date of purchase or delivery of gasoline as provided by general law, when it appears from the general law that it is the policy of the Legislature to deny payment of such refunds unless such application is filed as prescribed by the statute permitting refunds on *172 gasoline used for certain specific purposes.” Del Balso Construction Corporation v. State Tax Commissioner, 1 Ct. Claims (W. Va.) 15.
In that case two of the present members of the court of claims participated and concurred in the determination made and the rule stated in the syllabus. The holding of the court in this case was followed in the case of State Construction Company v. State Tax Commissioner, 3 Ct. Claims (W. Va.) 85. Two of the present members of the court participated in the determination made in the case, and in the rule stated in the syllabus.
“The court of claims is without jurisdiction to extend the time fixed by statute to make application for refund of excess income tax paid. Such income taxpayer is obliged to avail himself of the remedy provided by law for relief.” Long, et als., v. State Tax Commissioner, 3 Ct. Claims (W. Va.) 25.
Two of the present members of the court participated in the determination of the claim involved in the case last cited.
At the present term of court an opinion was filed in the case of Huntington Excavating Company v. State Tax Commissioner, reaffirming the rule stated in the syllabus in the Del Balso case, supra. In the opinion in the Huntington case, the case of Long, et als, 3 Ct. Claims (W. Va.) 25, is cited. All three of the present members of the court concurred in the rule stated in the syllabus in said case of Huntington Excavating Company v. State Tax Commissioner.
It has been the consistent policy of the court of claims from the time of its organization until the determination of the case of the Raleigh County Bank v. State Tax Commissioner to follow the rule stated in the syllabus in the Del Balso case, supra. The court is now divided and there are two distinct lines of holding.
*173 In the Penn Oak case, supra, Judge Fox says in the opinion, on page 222:
“Where a statute imposing a tax provides the taxpayer with a specific remedy against injustices arising thereunder, and the taxpayer fails to avail himself of the remedy so provided, he cannot go outside the statute for other and different remedies.”
A specific remedy was afforded claimants in the instant case by chapter 11, article 1, section 2a of the code. It was claimants’ duty to pursue that remedy. By their failure so to do they are not entitled to be heard in this court under section 21 of the court act, being the five-year period of limitation. In my judgment, where it appears from a declaration or petition filed by a claimant in this court seeking a tax refund that application was not made to the tax commissioner for such refund within two years from the date of such payment of taxes, there would be no prima facie jurisdiction of the court to entertain such claim.
For the reasons herein set forth and further grounds stated in my dissenting opinions in the cases of Raleigh County Bank v. State Tax Commissioner and Eastern Coal Sales Company v. State Tax Commissioner, and especially in view of the holding of the West Virginia Supreme Court of Appeals in the Penn Oak case, above cited, I most respectfully dissent from the action of majority members in making an award in the instant case.
I prefer to follow and be guided by the holding of our own State Court of Appeals.